UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-256 (RMU) |
| v. | : | **FILED** |
| MICHAEL POTTS | : | SEP 12 2006 |
| | : | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSE:

The essential elements of the offense of theft of United States government property, each of which the government must prove beyond a reasonable doubt, are:

   A.   That the defendant stole property with the intent to deprive the owner

        of the use or benefit of the property;

   B.   That the property belonged to the United States; and

   C.   That the property taken had a value of more than $100.

II. COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. PENALTIES:

Pursuant to 18 United States Code § 641, the offense of Theft of Government Property carries a maximum sentence of 10 years imprisonment, a period of 3 years of supervised release, and a fine of up to $250,000.

1

V.   FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

Michael Potts was employed at the United States Government Printing Office ("GPO") from September 2000 to August 2006. During his employment at GPO Potts worked for the following divisions: Mail List Branch, Human Capital Office, Plant Operation, and Office Finance Administration. GPO is located at 732 North Capitol Street, NW, in Washington, DC. GPO is a legislative agency, and is the federal government's primary centralized resource for gathering, cataloging, producing, providing and preserving published information in all its forms. GPO provides Congress, the courts, and government agencies a set of centralized services to enable them to easily and cost effectively produce printed documents according to a uniform set of Federal government specifications. GPO also has offered these publications for sale to the public and made them widely available at no cost through the Federal Depository Library Program.

Between October 2002 and July 2006, Michael Potts improperly used four different GPO account codes to order a total of 4,430 printer ink cartridges ("cartridges") from the GPO General Store and the GPO Self Service Store. These cost codes were assigned to the following GPO divisions: 1) Documents Sales Service Mail List Branch; 2) Human Capital Office Information Dissemination/Executive Service; 3) Human Capital Office Information Technology/Human Capital; and 4) Human Capital Office Customer Service. Only certain GPO employees are permitted to use these cost codes, and they are allowed to do so only to order supplies for use by the employee's assigned division.

Michael Potts placed orders and received cartridges in the following ways: on some occasions, Michael Potts used GPO computers to access the GPO mainframe, through which he placed orders for cartridges at the GPO General Store. These cartridges were then either delivered directly to Michael Potts, or Michael Potts would go in person to the GPO General Store on the first floor of GPO to pick up the cartridges. Each time Michael Potts received cartridges from the GPO General Store, he initialed or signed a Picking Ticket, which listed the transaction number, the number of cartridges Potts received, the cost of the cartridges, the make and model of the cartridges, the date and time of the transaction, and the cost code charged for the cartridges. In other instances, Michael Potts would go to the GPO Self Service Store, located on the sixth floor of GPO, and take cartridges directly from the store shelves. Each time Michael Potts took cartridges from the Self Service Store, he initialed or signed a Self Service Store Receipt, which listed the number of cartridges Potts received, the cost of the cartridges, the make and model of the cartridges, the date and time of the transaction, and the cost code charged for the cartridges. To order the cartridges, Michael Potts used cost codes that he was not supposed to be accessing.

Each time Michael Potts ordered a printer cartridge using an account code, the GPO division associated with that code was charged the cost of the cartridge. The total loss suffered by GPO as a result of Michael Potts' theft of the printer ink cartridges was $111,025.89 Michael Potts resold the majority of these cartridges to King Pawn, a pawnshop located at 4504 Annapolis Road, in Bladensburg, Maryland. Between 2003 and 2006, Michael Potts sold to King Pawn cartridges stolen from GPO on over three hundred separate occasions.

In some instances, Michael Potts provided stolen cartridges to his wife, Karren Potts.

3

Karren Potts has been employed at GPO since 1984. She is currently employed as an Agency Publishing Services Technician at GPO. Between October 24, 2003, and August 23, 2005, Karren Potts sold a total of 229 cartridges to King Pawn. Each of these cartridges was stolen from GPO by Michael Potts.

On June 30, 2006, Michael Potts met with GPO Office of the Inspector General ("OIG") Special Agents Hugh D. Coughlin and Walter B. Martin IV. Michael Potts was provided with a Non-Custodial Advice and Consent Form, and an acknowledgment of union representation. He waived his rights and answered the agents' questions at that time. During the interview Michael Potts admitted to taking between $2,000 and $3,000 worth of cartridges from GPO. Michael Potts claimed that he used the cartridges for computer classes for underprivileged children that he taught at his church. Michael Potts admitted that he obtained the cartridges using his GPO ID card, and said that he signed receipts for each of his "purchases." Michael Potts told the investigators that he felt justified in taking the cartridges from GPO because the monetary cost to GPO paled in comparison to the billions of dollars President Bush was spending in Iraq. When pressed for information about the church he claimed to be providing with the cartridges, Michael Potts admitted that he had stolen the cartridges for personal profit. He told the OIG agents that he sold the cartridges to people at shopping malls, parking lots, and Home Depot parking lots. However, as noted above, this statement was false, as Michael Potts actually sold the cartridges to King Pawn in Bladensburg, Maryland. Michael Potts also claimed that he had sold all of the remaining cartridges, and that he no longer had any in his possession. Yet on July 19, 2006, Michael Potts sold three cartridges to King Pawn.

When Michael Potts stole each of the cartridges from GPO, he did so knowing that the

cartridges belonged to the United States, and with the intent to deprive GPO of the use or benefit of the cartridges.

                                    Respectfully submitted,

                                    KENNETH L. WAINSTEIN
                                  United States Attorney
                                  Bar No. 451058

                                  _____
                                  Catherine K. Connelly
                                  Assistant United States Attorney
                                  Major Crimes Section, Mass. Bar No. 649430
                                  555 4th Street, N.W. #4844
                                  Washington, DC 20001
                                  Phone: 616-3384
                                  Fax: 353-9414

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts in support of my guilty plea. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: _9-12-06_   _____
                  Michael Potts

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's guilty plea. I concur in my client's agreement with and acceptance of this proffer.

Date: _9-12-06_   _____
                  Gary M. Sidell, Esq.
                  Counsel for Michael Potts