UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 06-256 (RMU) |
| | : | |
| MICHAEL POTTS | : | |

MEMORANDUM IN SUPPORT OF SENTENCE

Pursuant to the provisions of F. R. Cr. P. 49 and L. Cr. R. 49.1, defendant Michael Potts, by his attorney, Gary M. Sidell, hereby submits his memorandum in support of sentence. Mr. Potts currently scheduled to be sentenced on Monday, December 11, 2006, at 2:00 p.m. At his sentencing, Mr. Potts expects to request that Honorable Court impose, as its sentence, a modest term of imprisonment, followed by a term of supervised release with "community confinement" by home detention. Mr. Potts bases his anticipated request on the nature and circumstances of the offense involved, as well as consideration of his background, with the ability if employment is continued, to provide payments of restitution.

1.  On September 12, 2006, Mr. Potts entered a guilty plea to a single count Information charging him with theft of government property. 18 U.S.C. §641. Mr. Potts' involvement with this case occurred over a period of forty-four months from early October, 2002 to late June, 2006, by his theft of computer printer cartridges from his federal government employer of nearly six (6) years, the Government Printing Office. Mr. Potts' guilty plea was the first of two (2) defendants in this case to enter a guilty plea. Mr. Potts' wife, Karren, entered a

guilty plea a week later to a local District of Columbia charge, trafficking in stolen property, in violation of D.C. Code § 22-3231.

    2.    Imposition of a criminal sentence must consider a variety of factors, detailed in 18 U.S.C. § 3553, in order to fulfill the following four (4) traditional objectives:

    (A) imposition of just punishment for committing the offense;

    (B) provision of adequate deterrence to criminal conduct;

    (C) protection of the public from further crimes by the defendant; and

    (D) provision of needed education or vocational training, medical care or other corrective treatment to the defendant.  18 U.S.C. § 3553(a)(2).

    3.    While the United States Sentencing Guidelines are no longer mandatory, they do provide guidance for the imposition of criminal sentences.  <u>United States v. Booker,</u> ____U.S.____, 125 S. Ct. 738, 749-750 (2005), so that there is some uniformity between defendants and different jurisdictions with sentences imposed for a given offense.  Moreover, Mr. Potts' written plea agreement notifies him that his ". . . sentence to be imposed . . . is determined solely by the Court."  See, Plea Agreement @ page 3.  Similarly, Mr. Potts was expressly advised at the time of entry of his guilty plea that the Court, and only the Court, would determine his sentence.

    4.    In achieving the four (4) objectives listed above, various considerations of both the nature and circumstances of the offense, as well as the characteristics of the defendant must be evaluated.  Mr. Potts submits that the main, if not sole, consideration relevant in assessing the appropriate sentence here is the first listed above, that of punishment.   Mr. Potts has no prior criminal convictions, as reflected in the pre-sentence investigation report.  Since Mr. Potts has readily acknowledged his culpability here, we submit that factors (B) and (C) identified in

paragraph 2, above, are most unlikely to result, whatever the sentence imposed in this case. Hence, the element of punishment as a goal of sentencing will predominate at sentencing.

5.      In contrast to the issue of punishment, and indeed, contrary to that here, is the sentencing element of restitution in this case. The amount of restitution for which Mr. Potts is liable is quite large, $111, 025.89. Mr. Potts readily admits that, not only is he responsible to repayment of this amount, but that he intends to pay this amount. However, Mr. Potts' current employment, as a courier in the metropolitan area, only generates so much income per pay period. Given his income, full repayment of restitution in this amount will take a very lengthy time. As such, restitution will continue to provide a pointed reminder to Mr. Potts, if it were needed, of the conduct which is proscribed. Such a reminder would, we submit, protect the community prospectively and prevent his future criminal misconduct, other factors which are relevant in sentencing. Because of Mr. Potts' modest income level, an income he earns only if he works, we urge this Honorable Court to permit Mr. Potts to continue his employment in order for him to pay down the total restitution.

6.      Imposition of the fourth factor, including educational or vocational training and medical care to the defendant, appears unnecessary in light of Mr. Potts' long-term employment in a variety of income producing jobs. Mr. Potts has demonstrated, over many years, that he can find, and perform, many different jobs, rather than the alternative of claiming no work is available. He has attended college level classes, although he has not accumulated adequate credits to earn a degree. Mr. Potts has previously sought some psychological assistance over a limited time period. Hence, he is capable of recognizing the need for professional help and taking steps to acquire it when it is needed. Therefore, it would appear that the sentencing consideration of the provision of training, care or similar corrective treatment would be superfluous in this case.

      7.      We submit, therefore, that punishment is the principal, if not sole, consideration in imposing a sentence in this case. As a sentence, we propose a modest period of imprisonment, followed by a period of time of community detention by way of home detention and an order of restitution. This proposal would impose a significant punishment on Mr. Potts for his conduct, while enabling him to continue his employment and, thereby, allow him to continue to provide restitution payments. Additionally, if Mr. Potts were subject to home detention, and work, but no other outside the home activities, we submit that would demonstrate to his daughter and step-children the serious consequences of one's actions. As for restitution, Mr. Potts anticipates being in a position to provide an initial payment toward restitution before his sentencing. Hence, Mr. Potts will have an additional and constant reminder of his wrongdoing for many years to come while his restitution obligation is addressed. Moreover, Mr. Potts has income tax exposure for the amount of restitution not previously recognized as taxable income. Should the government proceed on that avenue, Mr. Potts will have another long term reminder of his misjudgment here.

      8.      As this Honorable Court is well aware, the United States Sentencing Guidelines are now exclusively advisory, rather than mandatory. United States v. Booker, supra. Mr. Potts proposes a sentence of modest imprisonment, at the lowest end of his sentencing guideline range, followed by "community confinement" by way of home detention for a period of time in order that he may continue his employment and, thereby, maximize his financial ability to satisfy the payment of restitution. By reference to the provisions of USSG § 5C1.1(d)(2) and (e)(3)(2005), home detention is an acceptable alternative for "imprisonment" where an otherwise applicable guideline sentence results in zone C. As a result of the position of the United States Attorney's Office for this sentencing, Mr. Davis' USSG offense severity level, and Criminal History Category of I, places him in zone C. See, Pre-sentence report @ ¶¶ 83-85, and USSG § 5C1.1,

4

Commentary, Application Notes 4(A) and (B)(sentencing options available for zone C). Moreover, USSG § 5F1.1 Community Confinement, is permitted for either a condition of probation or for supervised release. Home detention is an acceptable form of "community confinement" and, with the exception of departure for employment, would provide a punitive sentence, while permitting Mr. Potts to earn an income from which to pay restitution. See, Commentary, Application Notes 1. Since the Sentencing Guidelines are now solely advisory, Mr. Potts submits that his proposed sentence of "community confinement" by "home detention" is a permissible exercise of this Honorable Court's discretion based upon consideration of the nature and circumstances of both the offense and of Mr. Potts. Additionally, a modest term of imprisonment for this zone C sentence, followed by community confinement as a term of supervised release, is a recognized Guideline alternative. See, USSG § 5C1.1, Commentary, Application Note 4 (A) and (B). Since the Guidelines are advisory, we suggest that our proposed sentence would be a reasonable one under the circumstances considering both the nature and circumstances of the offense and Mr. Potts. The proposal we submit here would appear to accomplish the relevant sentencing goal of punishment while allowing Mr. Potts to make good on a sizable restitution amount.

      For the foregoing reasons, and any others which may be presented at the December 11, 2006 sentencing hearing, Mr. Potts submits that his proposal of modest imprisonment, followed by a term of supervised release with "community confinement" by home detention and restitution would be a reasonable sentence to impose upon him in this case.

                                                      Respectfully submitted,

          _____/s/_____
          Gary M. Sidell
          1101 Connecticut Ave., NW
          Suite 1000
          Washington, D.C. 20036
          D.C. Bar No. 961847
          202-783-0060
          Attorney for Defendant Michael Potts

## CERTIFICATE OF SERVICE

I hereby certify that I have served this 30th day of November, 2006, a copy of the foregoing pleading upon Assistant United States Attorney Catherine K. Connelly, Esq.. by email at: catherine.connelly2@usdoj.gov.

          _____/s/_____
          Gary M. Sidell